IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JENNIFER FOLEY, individually and as the representative of a class of similarly-situated persons,<br><br>            Plaintiff,<br><br>    v.<br><br>STUDENT ASSISTANCE CORPORATION,<br><br>            Defendant. | No. 17-cv-01702<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, JENNIFER FOLEY ("Plaintiff" or "Foley") brings this action on behalf of herself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or her attorneys, which are based upon personal knowledge, alleges the following upon information and belief including investigation conducted by her attorneys, against Defendant STUDENT ASSISTANCE CORPORATION ("SAC" or "Defendant"):

## PRELIMINARY STATEMENT

1. Plaintiff seeks class relief against SAC for violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692.

2. SAC has communicated with third parties in connection with the collection of debt in violation of the FDCPA.

3. For example, SAC sent at least two letters to a third party regarding Plaintiff in violation of the FDCPA. See Exhibit A and Exhibit B. Exhibits A and B are nearly identical letters that: (a) contain language or a symbol indicating that

1

SAC is in the debt collection business, (b) fail to state that SAC is confirming or correcting location information of the Plaintiff, (c) request more than location information about the Plaintiff (i.e. e-mail address), and, at times, (d) amount to more than one contact with a third party seeking location information about the Plaintiff.

4. Plaintiff brings this action against SAC on behalf of a class of all persons that were the subject of a third-party communication sent by SAC in connection with collection of debt that (a) contained information or symbols indicating that SAC was in the debt collection business, (b) failed to state that SAC was confirming or correcting location information, (c) sought information other than what was required to confirm or correct location information, and (d) sometimes amounted to more than one communication seeking location information of the class member. <u>Exhibits A and B</u>.

5. Defendant's contact with third parties invaded Plaintiff's and other class members' privacy, and the privacy of each third party, sought personal information of the class members, including a private e-mail address, and violated the class members' and the public's desire to limit communications made to acquaintances or family members related to the collection of debt. <u>Exhibits A and B</u>.

6. Plaintiff brings this action against SAC on behalf of a class of all persons that SAC sent one or more communications to a third party in connection with the collection of debt, seeking actual and statutory damages under the FDCPA.

2

7. Plaintiff is seeking actual and statutory damages up to the lesser of $500,000 or 1% of SAC's net worth for FDCPA violations, and all other relief the Court deems appropriate under the circumstances.

## JURISDICTION

8. Jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the Plaintiff resides within this District and this is a class action in which a substantial part of the acts and omissions giving rise to the claims occurred within Wisconsin and this judicial district.

## PARTIES

10. Plaintiff Jennifer Foley is a natural person and a citizen of the State of Wisconsin, residing within Washington County, Hartford, Wisconsin.

11. Plaintiff is a "consumer" as defined in the FDCPA. 15 U.S.C. § 1692a(3).

12. Defendant Student Assistance Corporation, SAC, is a Delaware corporation, with its principal place of business at 12061 Bluemont Way, Reston, VA 20190-5684, and also wherein its registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. SAC is a collection agency that seeks to collect defaulted student loan debt on behalf of third-party creditors and debt owners, including Navient

Corporation and Navient Solutions, Inc. (collectively "Navient").[1] 15 U.S.C. § 1692a(6) (defining "Debt Collector").

14. SAC provides collection services for Navient through a contractual arrangement.

15. The principal purpose of SAC's business is the collection of debts, and is SAC is a "debt collector" as defined by 15 U.S.C. § 1692(a)(5).

## FACTS

### A. SAC's Third-Party Contacts

16. Plaintiff took out approximately $80,000.00 in student loan debt to pay for her second undergraduate degree at SUNY-Buffalo, and some masters level coursework at George Washington University.

17. These loans were both subsidized and unsubsidized federal student loans disbursed by the Department of Education and assigned to Sallie Mae for servicing.

18. After paying on the student loans for a period of several years, Plaintiff became unable to make her regular monthly payments and her federal student loans became delinquent on or about 2016.

19. At some point on around the time of Plaintiff's default, Sallie Mae was acquired by Navient Corporation.

20. Defendant SAC performed debt collection on behalf of Navient and was assigned Plaintiff's loan for collection after delinquency.

---

[1] Formerly known as Sallie Mae, Inc., Navient Solutions, Inc. is a servicer of federal and private student loans and a wholly-owned subsidiary of Navient Corporation.

4

21. After acquiring Plaintiff's debt for collection, SAC was aware of her mailing address and telephone number at all times.

22. Despite that SAC knew Plaintiff's location and contact information, SAC contacted third parties, including a friend of Plaintiff, in an attempt to obtain information about Plaintiff in connection with the collection of delinquent student loan debt.

23. For example, on December 6, 2016, SAC sent a letter to a third party, Carrie Lewis, regarding Plaintiff's debt to Navient. Exhibit A.

24. The letter was addressed from "Student Assistance Corporation," and included a reference to the web address: loansolutions.usafunds.org and "Account Number xxx2084."

25. In the letter, SAC advised Ms. Lewis that Plaintiff put her down as a personal reference and someone "who would know [Plaintiff's] whereabouts at all times."

26. This was untrue. Plaintiff had never listed Carrie Lewis as a reference to SAC who would know her whereabouts at all times on any loan application or other document to SAC or Navient.

27. SAC's letter asked for Ms. Lewis' assistance in contacting Plaintiff.

28. SAC requested Plaintiff's current mailing address, telephone number and *e-mail* address.

29. SAC's letter also asked Ms. Lewis to "pass along" SAC's contact information to Plaintiff. Exhibit A.

5

30. The letter did not state that it was confirming or collecting location information.

31. SAC sent an identical letter to Ms. Lewis on January 4, 2017. <u>Exhibit B</u>.

32. Plaintiff never authorized nor gave consent to SAC or Navient to contact Ms. Lewis once, much less twice. 15 U.S.C. § 1692b(3).

33. Plaintiff never authorized nor gave consent to SAC or Navient to send <u>Exhibit A</u> or <u>Exhibit B</u> to Ms. Lewis.

34. Plaintiff never resided at the address where the letter was sent, or listed Ms. Lewis' address as a contact address on any loan application.

35. At all relevant times herein, Defendant SAC was aware of Plaintiff's location and was in possession of Plaintiff's information that is still the same and hasn't changed since 2014.

36. SAC also contacted Plaintiff's husband's mother and father about her student loans on or about February 2, 2017.

37. SAC also contacted Plaintiff's father on several occasions from 2014 to 2016.

38. In May or June of 2017, Plaintiff paid off her student loans in full.

## FDCPA CLASS ALLEGATIONS

39. Plaintiff brings this action against SAC for violations of the FDCPA on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

40. The two FDCPA classes are defined as:

6

> (1) All persons residing in the United States, who since December 6, 2016, were the subject of a written letter communication that was sent by SAC to any third parties in connection with the collection of debt, identical or similar to the form represented by Exhibits A or B.
>
> (2) All persons residing in the United States, who since December 6, 2016, were the subject of a written letter communication that was sent by SAC two or more times to the same third party in connection with the collection of debt, identical or similar to the form represented by Exhibits A or B.

Plaintiff anticipates the possibility of modifying the proposed class definitions, including proposing subclasses where appropriate, after discovery about the scope and breadth of SAC's debt collection program and will do so through either an amended complaint, a motion for class certification pursuant to Fed. R. Civ. P. 23, or both.

41. Excluded from the class are SAC, any entity in which SAC has a controlling interest, each of their officers or legal representatives, and any Judge assigned to this action, including his or her immediate family.

42. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

### Numerosity/impracticality of joinder.

43. On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable.

The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from SAC's records or the records of third parties.

**Commonality and predominance.**

44. There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

   a. Whether SAC has a common policy and practice of using unfair practices in attempting to collect debts;
   b. Whether SAC has a common policy and practice of attempting to collect through improper or unlawful communications with third parties;
   c. Whether SAC has a common policy or practice of sending communications to third parties with information or symbols likely to reveal the existence of a debt (15 U.S.C. § 1692c(b));
   d. Whether SAC has a common policy or practice of communicating with third parties concerning student loan debts (15 U.S.C. § 1692c(b));
   e. Whether SAC has a common policy or practice of failing to state in a communication to a third party that SAC is confirming or correcting location information (15 U.S.C. § 1692b(1));
   f. Whether SAC has a common policy or practice of communicating with a third party without the permission of the person for any purpose other than location data (15 U.S.C. § 1692c(b));
   g. Whether SAC has a common policy or practice of requesting more than just location information including email addresses (15 U.S.C. §§ 1692b(3) and 1692c(b));

h. Whether SAC has a common policy or practice of Communicating with a third party for the purpose of acquiring location information, more than once unless requested to do so by the person (15 U.S.C. § 1692b(3));

i. Whether SAC violated the FDCPA; and

j. Whether the Court should award damages to Plaintiff and the other class members.

### Typicality of claims.

45. Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. SAC had a policy of attempting to contact consumers through third parties in a manner that violated the FDCPA. Under the facts of this case, because the focus is upon SAC's conduct, if Plaintiff prevails on her claims, then the other putative class members will prevail as well.

### Adequacy of representation.

46. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class she seeks to represent. Plaintiff, a victim of unscrupulous student loan servicing and debt collection practices, is committed to the vigorous prosecution of this action, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to vigorously prosecute this action. Plaintiff and her counsel will fairly and adequately protect the interest of members of the class.

### Prosecution of separate claims would yield inconsistent results.

47. Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for the SAC to operate under if/when class members bring additional lawsuits concerning the same collection efforts in violation of the FDCPA.

### A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.

48. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692
### FOR PLAINTIFF AND ALSO ON BEHALF OF NATIONWIDE CLASSES
### AGAINST DEFENDANT SAC

49. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50. Plaintiff brings Count I on behalf of herself and a class of similarly situated persons and against SAC.

51. Plaintiff is a consumer under 15 U.S.C. § 1692a(3), as the subject debt was extended strictly for personal, family, and household purposes.

52. The Plaintiff's federal student loans were "debts" as that term is defined by the FDCPA.

### A. SAC is a Debt Collector

53. SAC qualifies as a "debt collector" under § 1692a(6) because (a) it regularly collects debts and uses the mail or telephones to collect delinquent consumer accounts, (b) the principal purpose of its business is to collect debts, (c) it regularly collect debts owed to another party, and (d) the debt was in default or SAC treated the debt as in default when acquired.

54. SAC regularly collects consumer debts on behalf of third-party owners and creditors, including Navient, through the use of the mails, telephones, and instrumentalities of interstate commerce.

55. When SAC acquired rights to the debt of Plaintiff and other class members the debt was in default.

11

56. From the time that it acquired rights to the debt of Plaintiff and other class members, SAC was seeking to collect the debt on behalf of a third party, including Navient.

### B. Violation of §§ 1692b(1), b(3) & 1692c(b)

57. In its attempts to collect a debt from Plaintiff and other class members, SAC had improper contact with a third party by:

    i. Communicating with a third party concerning the debt (15 U.S.C. § 1692c(b));
    ii. Sending a communication to a third party with information or symbols likely to reveal the existence of a debt (15 U.S.C. § 1692c(b));
    iii. Failing to state in a communication to a third party that SAC is confirming or correcting location information (15 U.S.C. § 1692b(1));
    iv. Communicating with a third party for the purpose of acquiring location information, more than once unless requested to do so by the person (15 U.S.C. § 1692b(3));
    v. Communicating with a third party without the permission of the person for any purpose other than location data (15 U.S.C. § 1692c(b)); and
    vi. Requesting more than just location information including email addresses (15 U.S.C. §§ 1692b(3) and 1692c(b)).

58. "Location information" is defined as a "consumer's place of abode or his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

59. The definition of "location information" does not include a consumer's e-mail address. 15 U.S.C. § 1692a(7).

60. In Exhibits A and B, SAC requested Plaintiff's e-mail address from a third party in violation of 15 U.S.C. §§ 1692b(3) and 1692c(b).

61. SAC did not have consent from Plaintiff or other class members to communicate with third parties.

62. Here, SAC violated the 15 U.S.C. § 1692c by contacting the family and acquaintances of Plaintiff and other class members in connection with the collection of debt.

63. SAC violated 15 U.S.C. § 1692b by failing to state that it was confirming or correcting location information in correspondence sent to family and acquaintances of the class members, contacting those third parties more than once seeking location information, or seeking more than location information when contacting third parties i.e. e-mail address.

64. Plaintiff and class members suffered statutory and actual damages proximately caused by SAC's violations of the FDCPA.

65. SAC is liable to Plaintiff and the other class members for actual damages and statutory damages of up to the lesser of $500,000 or 1% of the net worth of SAC. 15 U.S.C. § 1692k(a)(1)(B).

66. The FDCPA is a strict liability statute and SAC is liable to Plaintiff and the class members even if SAC's actions were negligent. 15 U.S.C. § 1692k.

67. Even if SAC did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, or the privacy of third parties, those facts are irrelevant because the FDCPA is a strict liability statute.

68. In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all correspondence sent by Defendant. Exhibit C, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

13

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated, demands judgment in her favor and against SAC as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award Plaintiff actual damages and statutory damages of up to the lesser of $500,000 or 1% of the net worth of SAC;

C. That the Court award attorney's fees;

D. That the Court award costs of suit;

E. That the Court enjoin Defendant from improper contacts or communications with third parties [*e.g. see* Paragraph 57 (i)-(vi) herein];

F. That the Court award any other relief this Honorable Court deems equitable and just; and

G. That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

JENNIFER FOLEY, individually and as the representative of a class of similarly-situated persons,

By: /s/ David M. Oppenheim

Phillip A. Bock
David M. Oppenheim
Tod A. Lewis
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
service@classlawyers.com
Phil@classlawyers.com
David@classlawyers.com
Tod@classlawyers.com