# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and between named plaintiff Jennifer Foley ("Plaintiff") for herself and the proposed Settlement Class (as defined below), on the one hand, and Student Assistance Corporation ("SAC"), for itself and the Released Parties (as defined below), on the other hand. SAC, Class Counsel (as defined below), and Plaintiff hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff and the Settlement Class Members (as defined below) in the action entitled *Jennifer Foley v. Student Assistance Corporation*, U.S.D.C., Eastern District of Wisconsin (the "Court"), Case No. 17-cv-01702-LA ("*Foley*" or the "Action"), shall be settled, compromised, and released upon the terms and conditions contained herein.

## I.  RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    The Action was filed on December 5, 2017. Plaintiff alleges that SAC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")*,* by improperly sending letters to third parties requesting location information, including email addresses, about allegedly delinquent student loan borrowers.

B.    Plaintiff believes that the claims asserted in the Action have merit. This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff or that there is any merit whatsoever to any of the contentions and defenses that SAC has or would have asserted.

C.     SAC vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability.  This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of SAC that there is any infirmity in the defenses that it has asserted or would have asserted or that there is any merit whatsoever to any of the allegations that Plaintiff asserts.  SAC desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.     This Agreement resulted from and is the product of extensive, good faith and arm's length negotiations.

E.     Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action, including through discovery.

F.     As a result of these efforts, the Parties entered into this Agreement, subject to preliminary approval and final approval by the Court, as required by Federal Rule of Civil Procedure 23, to fully, finally and forever resolve, discharge and release all rights and claims held by Plaintiff and the Settlement Class Members in exchange for SAC's agreement to pay the amounts set forth herein.

G.     Based on the investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by persons in the Settlement Class pursuant to this Agreement, that a settlement with SAC on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

H.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is

inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability by SAC. It is the Parties' desire and intention to settle and resolve all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and SAC agree to the Settlement, subject to approval by the Court, as follows:

## II.    DEFINITIONS

A.    In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.    "Class Counsel" means Bock Hatch & Oppenheim, LLC.

2.    "Class Notice" means the Mail Notice that will be provided to the Settlement Class, pursuant to Section III.D of this Agreement, and any additional notice that might be ordered by the Court.

3.    "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.E.4 of this Agreement.

4.    "Effective Date" means the fifth business day after the last of the following dates:

a.    Plaintiff, SAC, SAC's Counsel and Class Counsel have executed this Agreement;

b.    The Court has entered, without material change, the Final Approval Order; and

c.   The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

5.   "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval to the Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the Service Award to Plaintiff.

6.   "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit 3.

7.   "SAC's Counsel" means Greenberg Traurig, LLP.

8.   "Mail Notice" means the notice that will be provided pursuant to Section III.D.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 2.

9.   "The Preliminary Approval Order" means the order that the Court enters preliminarily approving the settlement, certifying the settlement class, scheduling the Final Approval Hearing, and directing notice to the Class, the proposed form of which is attached hereto as Exhibit 1.

10.   "Parties" means Plaintiff and SAC.

11.   "Released Claim" or "Released Claims" means all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or

equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order that arise out of or are related to letters sent by SAC to third parties requesting contact or location information, including email addresses, for delinquent student loan borrowers. "Released Claims" do not include any failure by any party hereto to fully comply with the terms of this Agreement.

12. "Released Parties" means SAC and all companies to which it is or was related, together with all of their respective members, owners, shareholders, predecessors, successors and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies) and subsidiaries of any of the above; and the past, present and future principals, trustees, partners, insurers, officers, directors, employees, agents, vendors, independent contractors, advisors, attorneys, members, owners, shareholders, predecessors, successors, assigns, representatives, heirs, executors and administrators of any of the above.

13. "Releases" means all of the releases contained in Section III.F of this Agreement.

14. "Releasing Parties" means Plaintiff and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, as set forth in Section III.F of this Agreement.

15. "Service Award" means an incentive award for Plaintiff, as set forth in Section III.H of this Agreement.

16. "Settlement Administrator" means CAC Services Group, LLC, subject to approval by the Court.

EXHIBIT A

5

17.     "Settlement Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.E.2 of this Agreement.

18.     "Settlement Class" means:  "The 747 current or former student loan borrowers about whom SAC has located a letter it sent to a third party requesting contact or location information, and including email addresses."

19.     "Settlement Class Member" means any person in the Settlement Class who does not request exclusion from the Settlement.

20.     "Settlement Costs" means:  (a) all costs of printing and providing notice to persons in the Settlement Class (*i.e.*, the Mail Notice, and any additional notice that might be ordered by the Court) and any required skip tracing; (b) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards; and (c) the fees, expenses and all other costs of the Settlement Administrator.

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.     TERMS OF SETTLEMENT

A.     Recitals. The above-described recitals are incorporated herein and made a part hereof.

B.     Conditional Certification of the Settlement Class.

By Order dated March 5, 2020, the Court granted Plaintiff's Motion for Class Certification with respect to a class defined as:

> All persons in the States of Wisconsin, Illinois and Indiana who were the subject of a letter [SAC] sent on or after December 6, 2016, requesting their email address from a third party.

Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties have agreed to propose a slightly different definition of the Settlement

Class. The Parties further agree to conditional certification of the Settlement Class in the Action for settlement purposes only. If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any party, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. No agreements, documents or statements made by or entered into by any party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, SAC or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

C.     Notice to the Settlement Class.

        1.     Motion for Preliminary Approval.  Plaintiff will move the Court for entry of the Preliminary Approval Order. The Preliminary Approval Order shall be in the form of Exhibit 1 hereto, and shall include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the form of Class Notice and find that the Class Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Rule 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within 30 days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class, and set a date 45 days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class

(the "Opt-Out and Objection Deadline"); (f) pending final determination of whether the Settlement should be approved, bar and enjoin, in accordance with applicable law, persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (g) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (h) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than 60 days after the Opt-Out and Objection Deadline.

2. <u>Stay/Bar of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted Final Approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a person in the Settlement Class, or acting on a representative basis or in any other capacity on behalf of a person in the Settlement Class, will commence or prosecute against any of the Released Parties any Action or proceeding asserting any of the Released Claims. The Preliminary Approval Order will contain an injunction, in accordance with applicable law, enjoining the commencement or prosecution of the Released Claims by Settlement Class Members. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

D. <u>Settlement Administrator</u>. The Settlement Administrator shall administer the Class Notice and Settlement Award distribution process. SAC will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis and

within 15 days of the entry of the Preliminary Approval Order, with the names and addresses associated with the Settlement Class (as reflected in reasonably available computerized records of SAC). The Settlement Administrator shall create a settlement website containing the Agreement and other key documents. The Parties shall agree upon the content to be displayed on the settlement website. All expenses of settlement administration as required under this Agreement, including without limitation, issuing notice to the Settlement Class, processing claims, and distributing claims payments shall be borne by SAC and deducted from the Settlement Fund (as defined below). If the Court refuses to approve the settlement and the Parties cannot agree upon modifications to the Agreement which the Court will approve, then SAC will be responsible for the settlement administration expenses incurred through the date of non-approval.

  E. Class Notice. The Settlement Administrator, as specified below, shall provide Class Notice in the form approved by the Court, as detailed below, within 21 days following entry of the Preliminary Approval Order (*i.e.,* the Notice Deadline, as defined). The Parties' proposed Class Notice is attached as Exhibit 2.

    1. Mail Notice. The Settlement Administrator will provide the Mail Notice to all persons in the Settlement Class. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned direct mail, and all costs of skip tracing will be considered Settlement Costs. The Mail Notice shall direct recipients to Class Counsel for additional information regarding the Settlement.

  F. Settlement Consideration.

    1. The Settlement. As consideration for the Settlement, SAC will pay the amount of $250,000.00 (the "Settlement Fund"). This payment will be allocated, as follows: (a) $96,200.00 (Ninety-Six Thousand Two Hundred Dollars and Zero Cents) for fees and costs to

Class Counsel; (b) the Settlement Costs; (c) a Service Award to Plaintiff in the amount of $3,000.00 (Three Thousand Dollars and Zero Cents); and (d) the remainder to Settlement Awards for Settlement Class Members, on a *pro rata* basis. The amounts allocated to the Settlement Awards shall be paid to the Settlement Administrator within 21 days of the Effective Date. In no event will SAC be required to pay more than the amount of the Settlement Fund with respect to the Settlement.

2. Distribution of Settlement Awards. Within 14 days after the Effective Date, Settlement Awards shall be mailed by the Settlement Administrator to Settlement Class Members. The Settlement Administrator shall mail, by first class mail, a check to each Settlement Class Member. No skip tracing or re-mailing of returned mail will be required. All checks for Settlement Awards will be valid for 120 days from the date on the check. No monies from the Settlement will revert back to SAC.

3. Taxes. Any person or entity who receives a payment in the Settlement will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that payment.

4. *Cy Pres* Distribution. To the extent that checks are uncashed after 120 days have passed from the date of mailing the checks, such money remaining will comprise the *Cy Pres* Distribution. Subject to approval by the Court, the *Cy Pres* Distribution shall be made to the National Endowment for Financial Education. The *Cy Pres* Distribution shall be made 60 days after the last day for Settlement Class Members to cash their Settlement Awards.

G. Release of Released Claims. As of the Effective Date of the Settlement, Plaintiff, and each Settlement Class Member, along with their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all

persons acting for or on their behalf, shall be deemed to have fully, and forever released the Released Parties from all Released Claims described herein. Without limiting the foregoing, the Released Claims released pursuant to this Settlement specifically extend to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date, within the definition of Released Claims. In connection with such waivers and relinquishment, Plaintiff and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiff acknowledges (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

H.    Attorneys' Fees and Costs. As part of or contemporaneous with the motion for preliminary approval, Plaintiff shall move the Court for the award of attorneys' fees, expenses and costs to be paid to Class Counsel. SAC will pay any award of attorneys' fees and costs to Class Counsel within 21 days after the Effective Date. SAC will pay by check or wire transfer to Class Counsel payable to "Bock Hatch & Oppenheim, LLC IOLTA Client Trust Account" the attorney's fees, expenses, and incentive award that the Court awards in the Final Approval Order. Upon entry of the Final Approval Order, Class Counsel shall email to SAC's Counsel wire instructions for the payment to be made to Class Counsel. Court approval of attorneys' fees, expenses and costs or their amount, will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

I.     Service Award. SAC will not object to a Service Award to Plaintiff in the amount of $3,000, subject to Court approval. SAC will pay any Service Award within 21 days of the Effective Date. Court approval of the Service Award will not be a condition of the Settlement. In addition, no interest will accrue on such amounts at any time.

J.     Opt-Out Right/Termination.

1.     Opt-Out Requirements. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice up until the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the *Foley* action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class. No person may request exclusion from the Settlement Class through "mass" or "class" opt-outs.

2.     Retention of Exclusions. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. At least 7 days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration that lists all of the opt-outs received.

3.     Cap on Opt-Outs. The Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of valid opt-out requests

exceeds 50 or more persons, SAC, in its sole discretion, may terminate the Settlement. SAC shall inform Class Counsel within 15 days after it is advised in writing that the number of valid opt-out requests is higher than 50 persons as to whether it will exercise the right of termination.

        K.    Objections to the Settlement.

        1.    Right to Object. Any Settlement Class Member may appear at the Final Approval Hearing to object to any aspect of the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees, expenses and costs and/or the Service Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorneys' fees or costs and/or the Service Award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file with the Court and serve on all parties a Notice of Intention to Appear.

        2.    Objection Requirements. To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel – Phillip A. Bock, Esq., Bock Hatch & Oppenheim, 134 N. LaSalle St., Suite 1000, Chicago, IL 60602; and (b) SAC's Counsel – Lisa Simonetti, Esq., Greenberg Traurig, LLP, 1840 Century Park East, Suite 1900, Los Angeles, California 90067. An objection must identify the following information or else the Court will disregard and strike the submitted objection as invalid: (1) the case caption and number; (2)

the objector's name, address, and telephone number; (3) all attorneys who assisted the objector in preparing or filing the objection, (4) a list of all other class action cases in which the objector or their attorneys have submitted an objection to a settlement; and (5) a statement of the reasons why the objector contends the Court should find that the proposed settlement is not fair, reasonable, adequate, and in the best interests of the Settlement Class. In order to for an objection to be considered, the person objecting or their counsel must appear at the Final Approval Hearing.

L.     Final Approval.  Within 14 days following the Opt-Out and Objection Deadline, Plaintiff shall promptly request that the Court enter the Final Approval Order, which shall be in the form of Exhibit 3 hereto and specifically include provisions that:  (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Rule 23; (c) approve the plan of distribution to Plaintiff and the Settlement Class Members; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties; and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties for the purpose of enforcement of the terms of this Agreement.

M.     Dismissal.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiff and the Settlement Class Members.

N.     Evidentiary Preclusion/No Admissions.  SAC expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements,

documents and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by SAC of any liability or wrongdoing by SAC or any of its respective affiliates, agents, representatives, vendors or any other person or entity acting on its behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of any right to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of any right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, SAC's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Agreement and/or the judgment in any Action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

O.     No Publicity Beyond Notice Procedures. Class Counsel and/or Plaintiff will not at any time issue press releases, initiate or make any public statements regarding the Settlement or

engage in any discussions with any press or news organization, with the exception of neutrally-worded language consistent with that contained in the Class Notice, which Class Counsel may only use on their website following approval of the language by SAC. Class Counsel and/or Plaintiff will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for entry of the Notice Order, with the exception of the Settlement Administrator. After that time, the Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement. However, in all communications, Class Counsel must comply with all confidentiality agreements in the Action and not disclose information that is not a part of the public record.

P.     Non-Disparagement. Plaintiff and Class Counsel agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices or conduct of the Released Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement and any discussions, interactions or negotiations of the Settlement by the Parties and their counsel; provided, however, nothing herein shall preclude any party or its agents, representatives or counsel from any good faith response to any inquiries under oath or in response to a government inquiry or from making statements in the course of legal proceedings, or from non-public privileged communications with Settlement Class Members with regard to the Settlement.

**IV.**     **GENERAL PROVISIONS**

A.     Settlement Conditioned Upon Approval. The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the

Court. In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, either Party may terminate the Settlement by notifying the opposing party in writing within 30 days of such failure to obtain approval. In the event of a termination under this section, or the termination of this Settlement based on the cap on opt-outs, the Parties will then return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into.

B.    No Construction Against Drafter. This Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

C.    Entire Agreement. This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements or writings regarding the subject matter of this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

D.    Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

E.    Authority. Plaintiff and SAC represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity. Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind

the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

      F.    <u>No Assignment</u>.  No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands or cause or causes of action disposed of by this Agreement.

      G.    <u>Receipt of Advice of Counsel</u>.  Each party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

      H.    <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

      I.    <u>Undertakings of the Parties</u>.  The Parties agree to the approval of this Settlement. The Parties further agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the Settlement and oppose any appeals from any orders of final approval.

      J.    <u>Execution in Counterparts</u>.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K.    Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

As to Plaintiff and the Settlement Class:
Phillip A. Bock, Esq.
Bock Hatch & Oppenheim
134 N. LaSalle St.
Suite 1000
Chicago, IL 60602
Phil@classlawyers.com

As to SAC:
Lisa Simonetti, Esq.
Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
Simonettil@gtlaw.com

L.    Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

M.    Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Wisconsin, without regard to its conflict of laws and choice of law provisions.

N.    Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if, and only if, the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty days to modify the Agreement and proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the dates below:

JENNIFER FOLEY

By: _Jennifer Foley_

Date: _9/18/21_

STUDENT ASSISTANCE CORPORATION

By: _[signature]_

Its: Vice President & Assistant Secretary

Date: August 6, 2021

Approved as to form,

By: _[signature]_

Phillip A. Bock

BOCK HATCH & OPPENHEIM, LLC
Counsel for Plaintiff

Date: _8/19/21_

Approved as to form,

By: _[signature]_

Lisa Simonetti

GREENBERG TRAURIG, LLP
Counsel for Defendant

Date: August 19, 2021

EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JENNIFER FOLEY, individually and as
the representative of a class of similarly-
situated persons,

        Plaintiff,

v.

        No. 2:17-cv-01702-

STUDENT ASSISTANCE
CORPORATION,

        Defendant.

## [PROPOSED] PRELIMINARY APPROVAL ORDER AND
## ORDER DIRECTING NOTICE TO SETTLEMENT CLASS

WHEREAS, the above-referenced class action is pending in this Court;

WHEREAS, plaintiff Jennifer Foley ("Plaintiff") and defendant Student

Assistance Corporation ("SAC") have agreed, subject to Court approval following

notice to the proposed settlement class and a hearing, to settle the action upon the

terms and conditions set forth in the settlement agreement lodged with this Court

(the "Agreement" or the "Settlement");

WHEREAS, this Court has reviewed the Agreement, as well as the files,

records and proceedings to date in this matter;

WHEREAS, for purposes of this order, capitalized terms used below shall

have the meaning ascribed to them in the Agreement, unless otherwise defined; and

EXHIBIT A    EXHIBIT 1

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all persons in the Settlement Class.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

Preliminary Approval of Proposed Settlement. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

Class Certification for Settlement Purposes Only. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

EXHIBIT A    EXHIBIT 1

The 747 current or former student loan borrowers about whom SAC has located a letter it sent to a third party requesting contact or location information, and including email addresses.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

1.     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

2.     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

3.     Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

4.     Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

5.     Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

6.     Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

EXHIBIT A   EXHIBIT 1

Class Representative. Plaintiff is designated as class representative for the Settlement Class.

Class Counsel. The Court appoints .Phillip A. Bock and David M. Oppenheim of Bock Hatch & Oppenheim, LLC as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

Final Approval Hearing. A final approval hearing (the "Final Approval Hearing") shall be held on _____ at _____, or by telephonic or remote means, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement shall be filed with the Court according to the schedule set forth below. The Final Approval Hearing may be postponed, adjourned or continued, or set to proceed by remote or telephonic means, by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

Class Notice. Class Notice shall be by _____. The Settlement Administrator will provide Mail Notice pursuant to the Agreement to all persons in the Settlement Class.

EXHIBIT A   EXHIBIT 1

Findings Concerning Class Notice. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise persons in the Settlement Class of the pendency of this Action and their right to object to or opt out of to the Settlement. The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23. The Court hereby approves the Mail Notice in substantially the same form as attached as Exhibit 2 to the Agreement.

Administration. The payments described in the Agreement are hereby approved.

Exclusions from the Settlement Class

1. Persons in the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator by _____ (the "Opt-Out and Objection Deadline"). All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

2. Exclusion requests must: (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the

EXHIBIT A    EXHIBIT 1

settlement in the *Foley* action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with such person, may exclude any other person from the Settlement Class.

3.     The Settlement Administrator will retain a copy of all requests for exclusion.    Not later than _____, the Settlement Administrator shall file a declaration with the Court that lists all of the opt-outs received.

Objections and Appearances.

1.     A Settlement Class Member who wishes to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses, and the Service Award to Plaintiff must appear at the Final Approval Hearing.

2.     In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the parties and the clerk of this Court not later than _____ (the "Objection Deadline"). Any objections that are not timely filed and mailed shall be forever barred. All objections must comply with the directives contained in the Agreement or will otherwise be invalid and barred.

EXHIBIT A     **EXHIBIT 1**

3.    In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court.

4.    Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

Further Papers in Support of Settlement and Fee Application. Class Counsel and/or SAC's Counsel shall file with the Court any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement By _____ Any Settlement Class Members who filed a timely and valid objection shall file with the Court any reply papers in support of their objection by _____.

Effect of Failure to Approve the Agreement. In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated for any reason, then the following shall apply:

1.    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever and shall not be admissible in any other proceeding;

2.    The conditional certification of the Settlement Class pursuant to this

EXHIBIT A   EXHIBIT T

Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of SAC for the matters alleged in the Action or for any other purpose;

3.     Nothing contained in this Order is, or may be construed as, any admission or concession by or against SAC or Plaintiff on any point of fact or law.

IT IS SO ORDERED.

Hon. Lynn Adelman

EXHIBIT A    EXHIBIT 1

## NOTICE OF CLASS ACTION SETTLEMENT
### You may benefit from this. Please read it carefully. You are not being sued.

---

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

JENNIFER FOLEY, individually and as the representative of )
a class of similarly-situated persons, Plaintiff, )
)
    v. )
) No. 2:17-cv-1702
STUDENT    ASSISTANCE    CORPORATION, )
Defendant. )

### NOTICE OF CLASS ACTION SETTLEMENT

TO: The 747 current or former student loan borrowers about whom SAC has located a letter it sent to a third party requesting contact or location information, and including email addresses.

The Court ordered that this notice be sent to you because a proposed settlement has been reached in this class action case. Based on available records, you have been identified as a settlement class member, and **you are entitled to a check in the amount of approximately $188.75.** Your legal rights are affected whether you act or don't act so **read this notice carefully**.

| YOUR OPTIONS | |
|---|---|
| **Option 1: Do Nothing** | If you do nothing, you will be mailed a check in the amount of approximately $188.75, and you will release claims you may have against SAC related to this case. |
| **Option 2: Object to the Settlement**<br><br>Deadline: _____ | You may object to the terms of the Settlement Agreement and have your objections heard at the Final Fairness Hearing. |
| **Option 3: Opt Out of the Settlement**<br><br>Deadline: _____ | You may request to be excluded from the Settlement by sending a written request. |

### 1.   What is this lawsuit about?

In the lawsuit, named plaintiff Jennifer Foley ("Plaintiff") alleges that Student Assistance Corporation ("SAC") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* by sending letters to third parties requesting allegedly improper "location information," including email addresses, about delinquent student loan borrowers. SAC

EXHIBIT A    EXHIBIT 2

denies any wrongdoing, and denies that it violated the law. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation.

## 2. Why is this a class action?

In a class action, a class representative (*i.e.*, Plaintiff) sues on behalf of a group (or a "class") of people. Here, Plaintiff sued on behalf of persons in the states of Wisconsin, Illinois, and Indiana who were the subject of a letter requesting location information, including email addresses, that SAC sent to a third party.

## 3. Why is there a settlement?

To avoid the cost, risk and delay of litigation, the parties reached a settlement on the alleged class claims.

## 4. How do I know if I am a part of the settlement?

Based on available records, SAC has identified you as a person in the settlement class, meaning that SAC believes it previously sent a letter to one or more third parties requesting your location information, including email addresses, in an attempt to locate and contact you.

## 5. What does the settlement provide?

SAC has agreed to pay the total amount of $250,000.00, as follows:

a. Settlement payments in the amount of approximately $188.75 to the settlement class members;

b. The costs and expenses of administrating the class action settlement;

c. An award of attorneys' fees, costs and expenses in an amount up to $96,200.00, subject to the Court's approval; and

d. A service award to Plaintiff in an amount up to $3,000.00, subject to the Court's approval.

Any amounts of uncashed checks will be distributed *cy pres* to the National Endowment for Financial Education, subject to the Court's approval.

The Court has preliminarily approved this settlement, subject to a fairness hearing that will occur on _____, at _____, in Room ___ in the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, WI 53202.

## 6. How do I recover?

You do not need to do anything to receive a settlement check in the amount of approximately $188.75 and it will be mailed to you at the same address where this notice was mailed.

## 7. What rights am I giving up in this settlement?

You will be considered a member of the settlement class, which means you give up your right to sue or continue a lawsuit against SAC about the letters at issue. Giving up your legal claims is called a release.

For more information on the release, released parties and released claims, you may call Class Counsel at 312-658-5501.

## 8. Do I have a lawyer in this case?

EXHIBIT A   **EXHIBIT 2**

To represent the settlement class, the Court has appointed the law firm of Bock Hatch & Oppenheim LLC as Class Counsel. You may hire your own attorney, but only at your own expense.

## 9. How do I object?

You can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by _____, 2021, and addressed to Class Counsel, to SAC's counsel, and to the Court, at the following addresses:

| Class Counsel: | SAC's Counsel: | Court: |
|---|---|---|
| David Oppenheim, Esq. | Lisa Simonetti, Esq. | U.S.D.C., |
| Bock Hatch & Oppenheim | Greenberg Traurig, LLP | Eastern District of |
| 134 N. LaSalle St. | 1840 Century Park East | Wisconsin |
| Suite 1000 | Suite 1900 | 517 E. Wisconsin Ave. |
| Chicago, IL 60602 | Los Angeles, CA 90067 | Milwaukee, WI 53202 |

Your objection must be signed under penalties of perjury and must identify (1) your name, address, and telephone number, (2) all attorneys who assisted you in the preparation and filing of your objection, (3) a list of all other class action cases in which you or your attorneys have submitted an objection to a settlement, and (4) a statement of the reasons why you believe the Court should find that the proposed settlement is not fair, reasonable, adequate, and in the best interests of the Settlement Class. If your objection does not comply with these requirements, the Court will strike and disregard your objection. It is not enough to say that you object; you must state the reasons why you believe the Court should reject the settlement.

If you file an objection, then you must also appear at the final approval hearing before Judge Lynn Adelman in Courtroom ___ of the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, WI 53202, on _____, at_____. In order to appear at the final approval hearing, you must enter an appearance by _____, 2021. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail, upon Class Counsel and SAC's counsel, at the addresses set forth above. Due to the ongoing Covid-19 pandemic, the fairness hearing may occur by videoconference, in whole or in part. You are not required to attend the hearing unless you object to the settlement

.

## 10. How do I opt-out?

You may request exclusion from the settlement and this lawsuit by sending a written request to the Settlement Administrator at _____ up until the opt-out and objection deadline. Exclusion requests must: (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the settlement in the *Foley* action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any

EXHIBIT A   EXHIBIT 2

person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class.

## 11. What if I do nothing?

If you do nothing and the Court approves the settlement agreement, you will be mailed a check for approximately $188.75, and you will release any claim you have against SAC related to the allegations about letters sent to third parties seeking your location information.

## 12. When will the Court decide whether to approve the settlement??

The Court will hold a fairness hearing on _____, **2021** at the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, WI 53202. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the Class, including about the compensation for Class Counsel and the service award for Plaintiff. YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT. The hearing may be postponed to a later date, or set to proceed by remote or telephonic means, without further notice. If the Court does not approve the settlement, the litigation will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Settlement Class will recover more than is provided in the settlement, or anything at all.

## 13. How do I obtain more information?

This description of the litigation is general and does not cover all the issues and proceedings. If you need additional information, call Class Counsel, Phillip A. Bock at 312-658-5501. To obtain a copy of the settlement agreement, you may visit the settlement website, **[website]**. To review or copy documents at your own expense from the litigation, you may visit the Clerk's Office at the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Avenue, Milwaukee, WI 53202, or access PACER (www.pacer.gov).

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

### BY ORDER OF THE COURT
### HONORABLE LYNN ADELMAN

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JENNIFER FOLEY, individually and as
the representative of a class of similarly-
situated persons,

        Plaintiff,

v.

No. 2:17-cv-01702-

STUDENT ASSISTANCE
CORPORATION,

        Defendant.

## [PROPOSED] FINAL APPROVAL ORDER

The Court having held a final approval hearing on _____,

notice of the hearing having been duly given in accordance with this Court's Order

Directing Notice to the Settlement Class (the "Notice Order"), and having

considered all matters submitted to it at the final approval hearing and otherwise,

and finding no just reason for delay in entry of this final approval order and good

cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement dated _____, including its

exhibits (the "Agreement"), and the definition of words and terms contained therein

are incorporated by reference hereinafter in this Order. The terms of this Court's

Notice Order are also incorporated by reference in this Final Approval Order, which

constitutes a Final Judgment and Order of Dismissal.

EXHIBIT A   **EXHIBIT 3**

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Notice Order:

> The 747 current or former student loan borrowers about whom SAC has located a letter it sent to a third party requesting contact or location information, and including email addresses.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations among Plaintiff, Class Counsel, SAC and SAC's Counsel.

4.      Upon the Affidavit of _____, the Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6.      _____ objections were received. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

EXHIBIT A   EXHIBIT 3

7.     The following persons validly requested exclusion from the Settlement Class and the settlement and are hereby excluded from this Action, the Settlement Class, and the settlement: _____.

8.     After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, the Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 and directs its consummation pursuant to its terms and conditions.

9.     As agreed in and subject to the Settlement Agreement, each Settlement Class Member (except those persons identified above who have previously excluded themselves from the Settlement Class) will be mailed a check from the Settlement Fund for $_____. The Settlement Administrator will mail those checks after receiving

-3-

EXHIBIT A   EXHIBIT 3

funds from Defendants. Checks issued to the claimants will be void 121 days after issuance and any amount from voided checks shall be paid as *cy pres* to the National Endowment for Financial Education.

10.    As agreed between the parties, the Court approves Class Counsel's request for attorneys' fees, costs and expenses in the amount of $96,200, and for a Service Award to Plaintiff in the amount of $3,000. In accordance with the Settlement Agreement, those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

11.    The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

12.    The Court reserves jurisdiction over all matters arising out of the Agreement.

13.    This Court hereby dismisses the Action with prejudice, and without fees or costs, as expressly provided for in the Agreement.

14.    Plaintiff and each and every one of the Settlement Class Members (except those persons identified above who have previously excluded themselves from the Settlement Class) unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

-4-

15.     Plaintiff and each and every Settlement Class Member (except those persons identified above who have previously excluded themselves from the Settlement Class), and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by SAC, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Notice Order

and/or this Final Approval Order.

17.     If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated, and the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

18.     In the event that any provision of the Settlement or this Final Approval Order is asserted by SAC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this

EXHIBIT A      EXHIBIT 3

Court's jurisdiction and to protect its judgment.

19.     Finding that there is no just reason for delay, the Court orders that this
Final Approval Order shall constitute a final judgment and a dismissal of the Action.
The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.

Hon. Lynn Adelman

EXHIBIT A   EXHIBIT 3