UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER FOLEY, individually and as
the representative of a class of
similarly situated persons,

        Plaintiff,

v.                                      Case No. 17-C-1702

STUDENT ASSISTANCE CORP.,

        Defendant.

## FINAL APPROVAL ORDER

I held a final approval hearing on January 18, 2022. Notice of the hearing was given in accordance with this Court's Order Directing Notice to the Settlement Class (the "Notice Order"). I have considered all matters submitted at the final approval hearing and otherwise. I find that no just reason for delay in entry of this final approval order exists.

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated August 19, 2021, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order. The terms of this Court's Notice Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Notice Order:

> The 747 current or former student loan borrowers about whom
> SAC has located a letter it sent to a third party requesting

1

contact or location information, and including email addresses.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations among Plaintiff, Class Counsel, SAC and SAC's Counsel.

4. Upon the Affidavit of Nancy Johnson, the Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice fully satisfy Federal Rule of Civil Procedure 23 and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6. One objection was received. The Court has considered this objection carefully and has overruled it. The objection did not raise a valid concern about the Settlement Agreement.

7. No person requested exclusion from the Settlement Class and the settlement.

8. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This

Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate, and reasonable. Accordingly, the Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 and directs its consummation pursuant to its terms and conditions.

9. As agreed in and subject to the Settlement Agreement, each Settlement Class Member (except those persons identified above who have previously excluded themselves from the Settlement Class) will be mailed a check from the Settlement Fund for $188.74. The Settlement Administrator will mail those checks after receiving funds from Defendants. Checks issued to the claimants will be void 121 days after issuance and any amount from voided checks shall be paid as cy pres to the National Endowment for Financial Education.

10. As agreed between the parties, the Court approves Class Counsel's request for attorneys' fees, costs and expenses in the amount of $96,200, and for a Service Award to Plaintiff in the amount of $3,000. In accordance with the Settlement Agreement, those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

11. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

12. The Court reserves jurisdiction over all matters arising out of the Agreement.

13. This Court hereby dismisses the Action with prejudice, and without fees or costs, as expressly provided for in the Agreement.

14. Plaintiff and each and every one of the Settlement Class Members (except those persons identified above who have previously excluded themselves from the Settlement Class) unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

15. Plaintiff and each and every Settlement Class Member (except those persons identified above who have previously excluded themselves from the Settlement Class), and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or

wrongdoing, by SAC, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Notice Order and/or this Final Approval Order.

17. If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

18. In the event that any provision of the Settlement or this Final Approval Order is asserted by SAC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this

5

Case 2:17-cv-01702-LA    Filed 01/18/22    Page 5 of 6    Document 52

Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

19. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment and a dismissal of the Action. The Clerk of the Court is directed to enter this order on the docket forthwith.

**IT IS SO ORDERED.**

Dated at Milwaukee, Wisconsin on this 18th day of January, 2022.

                        s/Lynn Adelman_____
                        LYNN ADELMAN
                        United States District Judge

6

Case 2:17-cv-01702-LA    Filed 01/18/22    Page 6 of 6    Document 52